NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0129n.06

No. 21-5457

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 14, 2023
DEBORAH S. HUNT, Clerk

ROGER WAYNE BATTLE, )
)
  Petitioner-Appellant, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
  Respondent-Appellee. )
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

Before: MOORE, THAPAR, and NALBANDIAN, Circuit Judges.

MOORE, J., delivered the opinion of the court in which THAPAR and NALBANDIAN, JJ., joined. THAPAR, J. (pg. 7), delivered a separate concurring opinion.

**KAREN NELSON MOORE, Circuit Judge.** Roger Battle was charged with and convicted of numerous offenses related to his leadership of a Tennessee street gang. Two of those convictions were for committing two murders in violation of the Violent Crimes in Aid of Racketeering ("VICAR") statute, 18 U.S.C. § 1959(a) ("VICAR murders"). Battle was also charged with and convicted of two counts of using or carrying a firearm during and in relation to a "crime of violence" and "causing the death of a person through the use of a firearm" in violation of 18 U.S.C. § 924(c) and (j). The purported "crimes of violence" underlying his § 924(c) and (j) convictions are the two VICAR murders. After his convictions, the Supreme Court determined that part of the definition of "crime of violence" in § 924(c) was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Only the elements clause of § 924(c), which defines

a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), remains valid. *Davis*, 139 S. Ct. at 2336.

Battle contends that after *Davis* his convictions for VICAR murder no longer constitute "crimes of violence" and therefore his convictions under § 924(c) and (j) are invalid. Appellant Br. at 4. This appeal presents the question of whether the VICAR murders for which Battle was convicted constitute crimes of violence. Battle argues that under the categorical approach, the least of the conduct criminalized by § 1959(a) is a murder by omission, which he contends does not involve a use of "physical force" and is thus not a crime of violence. A different panel of this court was recently presented with a similar argument pertaining to a Kentucky statute and concluded that even murders by omission involve the use of physical force. *United States v. Harrison*, 54 F.4th 884, 889 (6th Cir. 2022). Even more recently, another panel was presented with an identical argument involving § 1959(a), § 924(c) and (j), and a Tennessee statute; it concluded that *Harrison* dictates the outcome. *Hall v. United States*, Nos. 21-5062/5288/5472, 2023 WL 1991891, at *5 (6th Cir. Feb. 14, 2023). As in *Hall*, *Harrison* controls here, and therefore we affirm the district court's denial of relief under 28 U.S.C. § 2255.

## I. BACKGROUND

Roger Battle was the leader of a Tennessee street gang called the Vice Lords. Sentencing Hr'g Tr. at 35 (Page ID #6082), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (M.D. Tenn. July 12, 2012) (R. 936); Superseding Indictment at 5 (Page ID #694), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 245). In 2010, he was indicted for a variety of offenses. He stood trial and was convicted of fifty-seven crimes, including two murders, fourteen attempted murders, and

a host of other offenses. Superseding Indictment Battle App'x at 2–8 (Page ID #765–71), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 245-1); Judgment at 2–3 (Page ID #5919–20), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 924). He was sentenced to three consecutive terms of life, plus 4,020 months. Judgment at 4 (Page ID #5921), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 924). Battle's direct appeal was denied. *United States v. Battle*, No. 12-5873 (6th Cir. Sept. 4, 2013). In 2014, Battle filed a § 2255 motion to vacate his sentence, which the district court denied. Mot. to Vacate at 1 (Page ID #1), *Battle v. United States*, 3:14-cv-01805 (M.D. Tenn. Apr. 26, 2021) (R. 1); Mem. Op. at 2, 34 (Page ID #789, 821), *Battle*, 3:14-cv-01805.

As is relevant to this appeal, Battle was convicted of two counts of committing murder in aid of a racketeering enterprise in violation of 18 U.S.C. § 1959(a) for the murders of Moss Dixon and Brandon Harris. Judgment at 2–3 (Page ID #5919-20), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 924); Superseding Indictment at 33, 58–59 (Page ID #722, 747–48), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 245). The VICAR statute provides that whoever, in aid of racketeering, "murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished . . . ." 18 U.S.C. § 1959(a). VICAR murder is conventionally charged as an underlying state murder committed in aid of racketeering; here, the state murder was Tennessee first-degree premeditated murder. Superseding Indictment at 33, 58–59 (Page ID #722, 747–48), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 245). The jury also convicted Battle of two counts of using or carrying a firearm during and in relation to a "crime of violence" and using a firearm to cause the death of a person, in violation of § 924(c) and (j). Judgment at 2–3 (Page ID

#5919–20), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 924). The "crimes of violence" underlying the § 924(c) and (j) convictions are the two counts of VICAR murder. Superseding Indictment at 34, 59–60 (Page ID #723, 748–49), *United States v. Battle et al.*, No. 3:09-cr-00244-1 (R. 245).

After the Supreme Court declared the residual clause of § 924(c) unconstitutional in *Davis*, a panel of this court granted Battle permission to file a second or successive § 2255 motion challenging his § 924(c) and (j) convictions on the ground that his VICAR murder convictions might no longer qualify as crimes of violence. *In Re Roger Battle*, No. 20-6054 (6th Cir. Nov. 25, 2020). In his § 2255 motion, Battle argued that his convictions for § 1959(a) were not crimes of violence because it was possible to commit Tennessee first-degree premeditated murder by omission—for example, by starving a child—and he argued that such an act does not involve the use of physical force. Mot. to Vacate at 1, 4–5 (Page ID #960, 963–64), *Battle v. United States*, No. 3:14-cv-01805 (M.D. Tenn. Apr. 26, 2021) (R. 59). He argued that because his VICAR murder conviction required a finding that he had committed Tennessee first-degree murder, it could have been predicated on a crime of omission and therefore did not constitute a crime of violence. *Id.* at 5–6 (Page ID #964–65). The district court denied Battle's § 2255 motion, rejecting his argument that murder by omission does not involve a use of physical force. Mem. Op. at 11–15 (Page ID #1052–56), *Battle v. United States*, No. 3:14-cv-01805 (R. 64). We granted a certificate of appealability on the question. Order Granting COA, *Battle v. United States*, No. 21-5457 (6th Cir. Nov. 18, 2021).

## II. ANALYSIS

Since we granted the COA, this court decided two other cases that guide the outcome here. In *Harrison*, a panel of this court was presented with the question of whether it was "possible to be found guilty of complicity to commit murder [in violation of Kentucky law] without proof of any 'use of physical force.'" 54 F.4th at 888–89. The *Harrison* court held that "murder always requires the use of physical force," and that this was "true even when murder is carried out by omission rather than commission." *Id.* at 889. The panel specifically discussed a situation in which a child starves to death because a parent intentionally fails to give the child food and concluded that such an omission would constitute murder. *Id.* *Harrison* controls our decision here. *See Wallace v. FedEx Corp.*, 764 F.3d 571, 583 (6th Cir. 2014) ("[O]ne panel of this court cannot overrule another panel's published decision.").

This court even more recently decided an identical question to the one Battle presents in *Hall*, 2023 WL 1991891, at *5. *Hall*, like this case, involved a conviction under 18 U.S.C. § 1959(a) predicated on a violation of the Tennessee first-degree premeditated murder statute, and a related 18 U.S.C. § 924(c) and (j) conviction. The *Hall* panel held that *Harrison* controlled, rejecting appellants' arguments that *United States v. Bass*, 315 F.3d 561 (6th Cir. 2002), had conclusively decided the issue of whether causing an injury to a child due to neglect could satisfy the elements clause. *Hall*, 2023 WL 1991891, at *5. We do not see a meaningful distinction between *Hall* and this case, and we therefore conclude that Tennessee first-degree premeditated murder is a "crime of violence" within the meaning of § 924(c), and that the district court properly denied Battle relief.

## III.  CONCLUSION

We are bound by *Harrison*, which held that murder always involves the use of physical force, even when committed by omission, and therefore **AFFIRM** the district court's denial of relief in Battle's § 2255 proceeding.

THAPAR, Circuit Judge, concurring. Because the categorical approach requires courts to replace undisputedly deadly facts with imaginary ones, judges now must ask whether *murder* is a crime of violence. *See United States v. Harrison,* 54 F.4th 884, 888–89 (6th Cir. 2022). To any sensible person, the answer is obvious. *See United States v. Scott*, 990 F.3d 94, 125 (2d Cir. 2021) (Park, J., concurring). Murder is one of the worst violent crimes. And humanity has considered it so ever since Cain slew Abel.

Consider this case. In murder number one, Battle directed three gang members to shoot up a house from its driveway. The intended victim wasn't home, but his grandparents and their two mentally disabled sons were. The gang members shot and killed the grandfather. And in murder number two, Battle tricked a different victim into following him down a dark street. When the victim tried to flee, Battle and another gang member shot him in cold blood.

These facts support the unremarkable conclusion that these murders—like all murders— are violent. *Harrison*, 54 F.4th at 889. Yet under the categorical approach, if we can theorize a way to commit murder without violence, then even Battle's crimes wouldn't count as "crimes of violence." The categorical approach has taken us far "off course" into the land of absurdity. *Mathis v. United States*, 579 U.S. 500, 543–44 (2016) (Alito, J., dissenting). It's past time for Congress and the Sentencing Commission to revisit the enterprise and replace it with an approach grounded in reality. *See, e.g.*, *United States v. Burris,* 912 F.3d 386, 407–10 (6th Cir. 2019) (en banc) (Thapar, J., concurring) (proposing an approach based on the facts of the actual crimes).